UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**BRITTANY NICOLE WILLIAMS,**<br><br>Debtor. | Case No. **25-00264-BPH** |

**MEMORANDUM OF DECISION**

**I. Introduction**

Before the Court is Chapter 7 Trustee Timothy Kurtz's ("Trustee") Objection to Debtor's Exemption in her 2020 Kia Sorrento ("Objection").[1] The Objection argues that because the vehicle was not registered on the petition date, an exemption may not be claimed in it. Debtor filed a response on June 14, 2025, contending that a change in the governing statute removed the requirement that a vehicle be registered or "street legal" to qualify for the exemption.[2] The Court conducted a hearing on July 11, 2025. Appearances were noted on the record. After consideration of the arguments of the parties as well as the statute and case law, the Court issues this Memorandum of Decision resolving the Objection.[3]

**II.     Jurisdiction**

A bankruptcy court "may hear and determine all cases under title 11 and all core proceedings under title 11." 28 U.S.C. § 157(b)(1). Allowance or disallowance of an exemption from property of the estate is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

---

[1] Doc. No. 27.

[2] Doc. No. 28.

[3] Fed. R. Bankr. P. 9014.

MEMORANDUM OF DECISION – 1

### III. Relevant Facts

Debtor filed her petition on April 16, 2025.[4] On Schedule C, Debtor listed a 2020 Kia Sorento and claimed a $10,000 exemption pursuant to Idaho Code § 11-605(3).[5] The 2020 Kia Sorento was unregistered on the petition date.[6]

### IV. Applicable Statutes and Prior Case Law

#### A. Exemptions Generally

When a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become property of the bankruptcy estate and are available for distribution to creditors. § 541(a)(1). However, § 522(b)(1) allows individual debtors to exempt property from the bankruptcy estate, and to thereby protect it from administration by a trustee. Pursuant § 522(b)(2), a state may "opt out" of the exemption scheme provided in the Bankruptcy Code. If it does so, debtors filing for bankruptcy relief in that state may claim only property exempt under state law. Because Idaho has opted out of the federal exemptions, Idaho's exemption laws are applicable in Debtor's case. Idaho Code § 11-609 (2025).

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. *In re Haworth,* 604 B.R. 394, 396 (Bankr. D. Idaho 2019); Fed. R. Bankr. P. 4003(c). If Trustee produces evidence sufficient to rebut the validity of Debtor's claimed exemption, the burden shifts to Debtor to demonstrate that her claimed exemption is valid. *Id.* (citing *In re Hall*, 464 B.R. 896, 903 (Bankr. D. Idaho 2012) and *In re Cerchione*, 398 B.R. 699, 703 (Bankr. D. Idaho 2009)). The validity of the claimed exemption is determined as

---

[4] Doc. No. 1.

[5] *Id.*

[6] While not explicit, Debtor's response only disputes the interpretation of the statute and does not contend that the Kia was registered on the petition date. See Doc. No. 28.

MEMORANDUM OF DECISION – 2

of the date of the filing of the bankruptcy petition. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu),* 266 B.R. 743, 751 (BAP 9th Cir. 2001); *In re Haworth*, 604 B.R. at 396. Finally, exemption statutes are to be liberally construed in favor of the debtor. *Tober v. Lang (In re Tober)*, 688 F.3d 1160, 1163 (9th Cir. 2012) (quoting *Coughlin v. Cataldo (In re Cataldo)*, 224 B.R. 426, 429 (BAP 9th Cir.1998)); *In re Haworth,* 604 B.R. at 396.

### B. Idaho's Motor Vehicle Exemption and Relevant Statutes

Idaho permits the exemption of a "motor vehicle" up to $10,000. Idaho Code § 11-605(3). Because there is no definition of "motor vehicle" specifically applicable to the exemption statute, this Court has traditionally looked to the definition provided in Idaho Code Title 49. *See In re Stanger*, 99.3 I.B.C.R. 120, 120 (Bankr. D. Idaho 1999). Idaho Code § 49-123(2)(h) defines a motor vehicle as:

> Every vehicle that is self-propelled, and for the purpose of titling and registration meets federal motor vehicle safety standards as defined in section 49-107, Idaho Code. Motor vehicle does not include vehicles moved solely by human power, electric personal assistive mobility devices, personal delivery devices, electric-assisted bicycles, and motorized wheelchairs or other such vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code.

Idaho Code § 49-123(2)(h) further defines "vehicle" as "[e]very device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." Idaho Code § 49-123(2)(a).

### V. Analysis

Historically, this Court has construed the phrase "is or may be transported or drawn upon a highway" as both a physical and legal consideration of permissibility, requiring the vehicle to be both functional and legally operable. Through differing facts and circumstances presented, the exemption has generally been analyzed as follows:

MEMORANDUM OF DECISION – 3

> [I]n order for a vehicle to qualify as exempt under Idaho Code § 11-605(3), that vehicle must not only be self-propelled, but also must be capable of being lawfully operated on a public street or highway.  At a minimum, that requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws.  This approach is consistent with the purpose of the motor vehicle exemption law.  While exemption statutes are to be construed liberally in favor of the debtor, the principal purpose of the motor vehicle exemption is to protect the debtor's means of transportation to meet daily needs.  The Court declines to construe the statute in a manner so as to include off-road vehicles, recreational vehicles, or those vehicles whose operation on the public highways would be illegal.  In this fashion, the interests of both the debtor and the public can properly be accommodated.

*In re Sanders*, 03.1 I.B.C.R. 57, 58 (Bankr. D. Idaho 2003). Other case law is in accord.  See *Fitzgerald v. Leary (In re Leary)*, 91 I.B.C.R. 68 (D. Idaho 1991) (denying exemption in snowmobile); *In re Thomas*, 97.2 I.B.C.R. 39 (Bankr. D. Idaho 1997) (denying motor vehicle exemption in an ATV); *In re Baird*, 89 I.B.C.R. 149 (Bankr. D. Idaho 1989) (same); *In re Sanders*, 03.1 I.B.C.R. at 58 (denying exemption in dirt bike); *In re Stanger*, 99.3 I.B.C.R. at 120 (mountain bike not exempt as motor vehicle); *In re Campbell,* 08.2 I.B.C.R. 39, 41 (Bankr. D. Idaho 2008) (exemption allowed in damaged vehicle in repair shop on petition day because it was registered); *In re Walsh*, 14-01778-TLM at Doc. No. 33 (motorcycle was not a "motor vehicle" for exemption purposes because it was not registered on the petition date, and because it had not run reliably and had been in storage for 22 years, thus was not "self-propelled" on the petition date); *In re Haworth*, 604 B.R. 394, 397–98 (Bankr. D. Idaho 2019) (exemption denied in vehicle that was registered and insured but had no seats and was inoperable).

    This Court has found one case with similar facts to those presented here.  In *In re Atkinson*, 22-00024-NGH, the debtors claimed an exemption in a vehicle, which was operable and regularly used for their transportation.  However, on the date they filed their bankruptcy petition, the registration had lapsed.  The trustee objected to the claimed exemption, and the Court sustained the objection.  In doing so, the court reviewed prior cases from this district and

MEMORANDUM OF DECISION – 4

concluded that, for purposes of determining whether something qualifies as a "motor vehicle" under the exemption statute, the courts have primarily focused on two issues: (a) whether the vehicle was self-propelled; and (b) capable of being lawfully operated on the public roadways. Since it was not lawful to operate an unregistered vehicle on the public roadways, the objection to the claim of exemption was sustained.

Although *Atkinson* is in accord with past cases in this district, this Court is not persuaded registration is essential to asserting a valid exemption in a vehicle. When interpreting statutes, the role of the court is to interpret what is written, not what might have been written. *Connell v. Lima Corporate*, 988 F.3d 1089, 1107–08 (9th Cir. 2021). Moreover, when a state statute is implicated, a federal court must consider that "the State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the state." *C.I.R. v. Bosch's Estate*, 387 U.S. 456, 465 (1967).

The Idaho Supreme Court has not directly addressed this issue. However, two decisions from the Idaho Court of Appeals held that a motor vehicle is any self-propelled vehicle regardless of registration status. *State v. Trusdall*, 318 P.3d 955, 959–60 (Idaho Ct. App. 2014) ("The plain language of Idaho Code § 49–123(2)(g) continues to define motor vehicles as every vehicle which is self-propelled. The requirement that a vehicle meet the federal standards applies only 'for the purpose of titling and registration'"); *State v. McKie*, 417 P.3d 1001, 1005–06 (Idaho Ct. App. 2018) *review denied* (May 23, 2018) ("First, a motor vehicle is any vehicle which is self-propelled. Second, for purposes of titling and registration, the vehicle must also meet federal motor vehicle safety standards as defined in I.C. § 49-107. Third, certain vehicles are not motor vehicles ["vehicles moved solely by human power, electric personal assistive

MEMORANDUM OF DECISION – 5

mobility devices and motorized wheelchairs or other such vehicles that are specifically exempt from titling or registration requirements . . . .]").

Although neither *Trusdall* nor *McKie* not involve exemptions, this Court sees no reason to read an additional requirement into the definition. To the extent the statutory definition of motor vehicle has been interpreted by Idaho state courts in a manner that renders the status of registration inapplicable, consistency dictates a similar interpretation be adopted for purposes of exemption law by this Court. Neither the exemption statute, the statutory definition of vehicle nor Idaho cases interpreting the statutory definition of vehicle include any requirement that a motor vehicle be registered, licensed, insured, or anything beyond self-propelled to be a motor vehicle. Reading that definition to include a registration requirement reflects a construction at odds with the state court's interpretation.

### VI. Conclusion

In the case before the Court, the parties agree that the vehicle was operational but unregistered at the time the petition was filed. Because Debtor's vehicle was capable of self-propulsion, it qualified as a motor vehicle under Idaho Code § 49-123(2)(h). Accordingly, Trustee's objection to Debtor's claim of exemption in the vehicle will be overruled.[7]

A separate order will be entered.

DATED: September 5, 2025



HON. BENJAMIN P. HURSH
U. S. BANKRUPTCY JUDGE
SITTING BY DESIGNATION
U.S. COURTS, DISTRICT OF IDAHO

---

[7] Debtor contended the underlying statute was amended in 2020. The Court disagrees, finding only that it was renumbered; the relevant statute previously found at Idaho Code § 49-123(g) became § 49-123(h) effective July 2020.

MEMORANDUM OF DECISION – 6