UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>BRITANNY NICOLE WILLIAMS,<br><br>    Debtor.<br><br>TIMOTHY R. KURTZ, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-referenced Debtor,<br><br>    Appellant,<br><br>v.<br><br>BRITTANY NICOLE WILLIAMS,<br><br>    Appellee. | Case No. 1:25-cv-00549-BLW<br><br>**MEMORANDUM DECISION** |

### INTRODUCTION

Chapter 7 Trustee Timothy R. Kurtz appeals the bankruptcy court's order overruling his objection to Debtor Brittany Nicole Williams's exemption in her 2020 Kia Sorento. The issue on appeal is narrow: May Ms. Williams claim Idaho's motor-vehicle exemption in the Sorento—even though it was unregistered on the petition date? The Court concludes that she may and will therefore affirm.

### BACKGROUND

Ms. Williams filed a Chapter 7 bankruptcy petition on April 16, 2025. On Schedule C, she claimed a $10,000 exemption in a 2020 Kia Sorento pursuant to

MEMORANDUM DECISION - 1

Idaho Code § 11-605(3). The Sorento was unregistered on the petition date. The bankruptcy court overruled the Trustee's objection to the exemption. This appeal ensued.

## STANDARD OF REVIEW

District courts review bankruptcy court decisions in the same manner as would the Ninth Circuit. *See, e.g., In re George*, 177 F.3d 885, 887 (9th Cir. 1999). In this case, the Court considers a question of statutory interpretation—namely whether an unregistered vehicle may qualify as a "motor vehicle" for purposes of Idaho Code § 11-605(3). That question is a legal one, subject to de novo review. *See generally Jones v. U.S. Trustee,* 736 F.3d 897, 899 (9th Cir. 2013).

## ANALYSIS

When a debtor files a bankruptcy petition, a bankruptcy estate is automatically created, which includes all of the debtor's legal and equitable property interests. 11 U.S.C. § 541(a). The estate property is available for distribution to creditors, *Rousey v. Jacoway,* 544 U.S. 320, 325 (2005), though there are exceptions. One such exception is the debtor's ability to exempt certain property from the estate, such as a car or a home, up to certain values. *Id.;* 11 U.S.C. § 522(d). The general idea behind exemptions is to promote the debtors' ability to make a fresh financial start.

Idaho has opted out of the federal exemptions, so Idaho's exemption laws are applicable in this case. *See* Idaho Code § 11-609. If the trustee objects to a claimed exemption, he bears the burden of proving the exemption is improper. *See* Fed. R. Bank. P. 4003(c). In shouldering that burden, the trustee must of course be cognizant of the fact that exemption statutes are to be liberally construed in the debtor's favor. *See Tober v. Lang (In re Tober),* 688 F.3d 1160, 1163 (9th Cir. 2012).

Here, Debtor Brittany Williams claimed an exemption in her 2020 Kia Sorento pursuant to Idaho Code § 11-605(3). That statute—codified in Title 11 of the Idaho Code—provides that "[a]n individual is entitled to exemption . . . of one (1) motor vehicle to the extent of a value not exceeding ten thousand dollars ($10,000)." Idaho Code § 11-605(3). Because the term "motor vehicle" is not defined in Title 11 of the Idaho Code, bankruptcy courts in this district have looked to definitions contained in Title 49. There, a "motor vehicle" is defined as follows:

> *Motor Vehicle.* Every vehicle that is self-propelled, and for the purpose of titling and registration meets federal motor vehicle safety standards as defined in section 49-107, Idaho Code. Motor vehicle does not include vehicles moved solely by human power, electric personal assistive mobility devices, personal delivery devices, electric-assisted bicycles, and motorized wheelchairs or other such vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code.

Idaho Code § 49-123(2)(h). A "vehicle," in turn, is defined as "[e]very device in, upon, or by which any person or property is or may be transported or drawn upon a

MEMORANDUM DECISION - 3

highway, excepting devices used exclusively upon stationary rails or tracks." Idaho Code § 49-123(2)(a).

Neither definition requires a vehicle to be registered to qualify as a vehicle or motor vehicle. The definition of a "motor vehicle" does exclude certain vehicles or devices from the definition—including, for example, electric bicycles and motorized wheelchairs or "other such vehicles that are specifically exempt from titling or registration requirements." § 49-123(2)(h). But that exclusion certainly doesn't mean that vehicles that *are* subject to registration requirements, but not actually registered, fail to qualify as "motor vehicles."

And the broader definition of a "vehicle" doesn't say anything at all about registration. *See* Idaho Code § 49-123(2)(a). The definition of a "vehicle" includes (with exceptions not relevant here) devices that are capable of transporting people and things upon a highway. Notably, the legislature did not say it was actually referring to two separate capabilities: (1) a device's physical ability to transport people and things along the highway; *and* (2) a device's ability to travel along the highway lawfully (i.e., by having complied with registration requirements).

In this case, the Debtor's Kia Sorento easily satisfies the relevant statutory definitions in Title 49. And the exemption statute in Title 11 (Idaho Code § 11-605(3)) says only that debtors may exempt a "motor vehicle." It does not say that debtors may exempt a "*registered* motor vehicle." Had the Idaho Legislature

MEMORANDUM DECISION - 4

wished to condition the exemption on current registration status, it could have said so. It did not.

The Court's interpretation of the definitional statutes in Title 49 of the Idaho Code is reinforced by Idaho appellate authority. As the bankruptcy court correctly noted, the Idaho Supreme Court has not addressed this precise question. But two relatively recent Idaho Court of Appeals decisions have, and both hold that a motor vehicle is any self-propelled vehicle, regardless of registration status. *See State v. Trusdall,* 318 P.3d 955, 959-60 (Idaho Ct. App. 2014); *State v. McKie*, 417 P.3d 1001, 1005-06 (Idaho Ct. App. 2018).

In the first of these decisions, *State v. Trusdall*, 318 P.3d 955 (Idaho Ct. App. 2014), the court held that a Polaris Ranger (a utility type vehicle) was a motor vehicle within the meaning of Idaho Code § 49-123(2)(g),[1] observing that "[t]he plain language of Idaho Code § 49–123(2)(g) continues to define motor vehicles as every vehicle which is self-propelled. The requirement that a vehicle meet the federal standards applies only 'for the purpose of titling and registration.'" *Id.* at 959.

A few years later, in *State v. McKie*, 417 P.3d 1001 (Idaho Ct. App. 2018), the Idaho Court of Appeals held that a moped is a motor vehicle within the

---

[1] Idaho Code § 49-123(2)(g) was renumbered after *Trusdall* was decided; the language previously found in Idaho Code § 49-123(2)(g) is now contained in § 49-123(2)(h).

MEMORANDUM DECISION - 5

meaning of Idaho Code § 49-123(2)(h). The court explained "a motor vehicle is any vehicle which is self-propelled," and that the additional federal-safety-standards requirement bears on titling and registration, not on whether the thing is a motor vehicle at all. *Id.* at 1005-06.

True, *McKie* and *Trusdall* arose in the DUI context rather than the exemption context. But they remain decisions of Idaho's intermediate appellate court construing the statutory definition at issue here. And when there is relevant precedent from a state intermediate appellate court, this Court is bound to follow it, unless there is convincing evidence that the state supreme court likely would not. *See Ryman v. Sears, Roebuck & Co.,* 505 F.3d 993, 994 (9th Cir. 2007). Here, the Court finds no evidence that the Idaho Supreme Court would be unlikely to follow *Trusdall* and *McKie* in the exemptions context.

In light of these state court decisions, the Court is unpersuaded by the Trustee's citation to a line of cases from the bankruptcy courts in this district. The key case in this line is *In re Sanders*, 03.1 I.B.C.R. 57 (Bankr. D. Idaho 2003), where the bankruptcy court reasoned that an exempt vehicle must be "be registered and properly equipped in accordance with Idaho's motor vehicle laws." *Id.* at 58.

*Sanders* is neither binding nor persuasive. Most significantly, *Sanders* does not derive the registration requirement from the text of Idaho Code § 11-605(3) or from the express language of §§ 49-123(2)(a) or (h). Rather, *Sanders* and similar

MEMORANDUM DECISION - 6

decisions appear to reflect an effort to effectuate a policy aim—protecting a debtor's means of lawful transportation—and to avoid overbroad or undesirable applications. *See Sanders,* 03.1 I.B.C.R. at 58 ("While exemption statutes are to be construed liberally in favor of the debtor, the principal purpose of the motor vehicle exemption is to protect the debtor's means of transportation to meet daily needs.").

The Court respectfully disagrees with this approach. The Court's role is to interpret what has been written, and it must construe exemption statutes liberally, in favor of debtors. *See Tober,* 688 F.3d at 1163. Where the legislature has chosen to allow debtors to exempt a "motor vehicle" up to a stated value, and where statutory definitions do not expressly require registration, the Court will not add that requirement. If the Idaho Legislature concludes that the exemption should be limited to registered motor vehicles, it may amend the statute accordingly. In the meantime, courts must apply the statute as written, which the bankruptcy court faithfully did.

The Trustee argues that affirmance will produce undesirable consequences by allowing debtors to claim exemptions in golf carts, riding lawnmowers, and other self-propelled devices. The Court does not need to reach such hypothetical cases to decide this appeal. The only asset before the Court is a 2020 Kia Sorento, which was operational but unregistered on the petition date. Under the statutes as

MEMORANDUM DECISION - 7

written, that is enough. The Court will therefore affirm.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order overruling the Trustee's objection to the Debtor's exemption in the 2020 Kia Sorento is **AFFIRMED.**

DATED: March 13, 2026

_____
B. Lynn Winmill
U.S. District Court Judge